Rory T. Kay, Esq. (NSBN 12416)
Jason B. Sifers, Esq. (NSBN 14273)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rkay@mcdonaldcarano.com
jsifers@mcdonaldcarano.com

*Attorneys for Defendant Snap Advances, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNN ROBLES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SNAP ADVANCES, LLC,<br><br>　　　　　Defendant. | CASE NO.: 2:20-cv-00165-JCM-EJY<br><br>**DEFENDANT SNAP ADVANCES, LLC'S<br>MOTION TO DISMISS** |

Defendant Snap Advances, LLC ("Snap") moves to dismiss Plaintiff Lynn Robles' ("Lynn") Complaint under FRCP 12(b)(3) and/or the doctrine of forum non conveniens.[1] Through her company New Expressions, LLC ("New Expressions"), Lynn obtained financing from Snap and personally guaranteed the same through a Purchase and Sale Agreement for Future Receivables (the "Agreement"). Under the Agreement, Snap purchased New Expressions' future account

---

[1] There appears to be some confusion as to whether a motion to enforce a forum selection clause falls within FRCP 12(b)(3) or the general doctrine of forum non conveniens. *Compare Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013) *with Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (holding a motion to enforce a forum selection clause is treated as a motion to dismiss under FRCP 12(b)(3)) and *Laferte v. myFootpath, LLC*, No. CV1210118JGBAJXW, 2014 WL 12591801 at *2 (C.D. Cal. July 18, 2014) ("Enforcement of a forum selection clause is an appropriate basis for a motion to dismiss pursuant to Rule 12(b)(3)."

Snap Advances believes this Motion is appropriate under the doctrine of forum non conveniens but presents both bases for relief in case the Court disagrees and wishes to treat this Motion as one under FRCP 12(b)(3).

receivables in exchange for advancing $99,500.00 to New Expressions. The Agreement also included broad forum selection and choice-of-law provisions stating that Utah law applied to any dispute between the parties and that the "federal and state courts located in the State of Utah and County of Salt Lake . . . shall be the exclusive forum for all actions, proceedings or litigation arising out of or related to this Agreement or subject matter thereof."

After New Expressions and Lynn defaulted under the Agreement, Snap obtained a judgment against them and sought to collect the same. Lynn has now filed suit in this Court, alleging that any such collection activities violated the Telephone Consumer Protection Act ("TCPA") and Nevada's Deceptive Trade Practices Act.[2]  *See generally* Complaint. But even if Lynn had any viable causes of action (and she does not), the forum selection clause prohibits her from bringing them in Nevada because they arise out of or relate to the Agreement and its subject matter. The appropriate forum because of the forum selection clause is Utah.

As such, Snap respectfully requests that the Court dismiss this matter and require Lynn to abide by the forum selection provision in the Agreement that she freely negotiated and signed.

DATED this 7th day of July, 2020.

           MCDONALD CARANO LLP

           By: */s/ Rory T. Kay*
              Rory T. Kay (NSBN 12416)
              Jason B. Sifers (NSBN 14273)
              2300 West Sahara Avenue, Suite 1200
              Las Vegas, Nevada 89102
              rkay@mcdonaldcarano.com
              jsifers@mcdonaldcarano.com

           *Attorneys for Defendant Snap Advances, LLC*

---

[2] Two weeks after Lynn filed her Complaint, her husband Igancio Robles filed a nearly identical complaint in this Court styled as <u>Ignacio Robles v. Snap Advances, LLC</u>, 2:20-cv-00257-RFB-VCF. Snap will soon be filing a Notice of Related Cases pursuant to LR 42-1 as a result.

4846-2496-7618, v. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   STATEMENT OF FACTS

    A.   <u>Lynn Executes the Agreement with Utah Forum Selection and Choice-of-Law Provisions</u>.

On or around October 27, 2017, New Expressions LLC ("New Expressions") and Snap Advances, LLC ("Snap") executed a Purchase and Sale Agreement for Future Receivables (the "Agreement"). *See* Agreement, attached as **Exhibit A**; *see also* Declaration of Rory T. Kay In Support of Motion to Dismiss ("Kay Decl.") at ¶ 3, attached as **Exhibit B**. Snap advanced $99,500.00 to New Expressions in exchange for New Expressions' assignment of its future accounts receivable to Snap. *See* Exh. A, Agreement at p. 2. As the owner of New Expressions, Lynn Robles ("Lynn") personally guaranteed New Expressions' payment. *See id.* at p. 1. Section 5.6 of the Agreement included all-encompassing choice-of-law and forum selection provisions:

> **Section 5.6** Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Utah. Seller and any Guarantor consent to the jurisdiction of the federal and state courts located in the State of Utah and County of Salt Lake and agree that such courts shall be the exclusive forum for all actions, proceedings or litigation arising out of or relating to this Agreement or subject matter thereof, notwithstanding that other courts may have jurisdiction over the parties and the subject matter thereof. Service of process by certified mail to Seller's address listed on the fact of this Agreement or such other address that Seller may provide to buyer in writing from time to time will be sufficient for jurisdictional purposes.

*See* Exh. A, Agreement at p. 6. Lynn signed the Agreement on New Expressions' behalf and personally as the personal guarantor. *See id.* at p. 7. She also initialed each page to indicate her review and assent to the Agreement. *See id.* at pp. 1-8.

    B.   <u>New Expressions and Lynn Default Under the Agreement, and Snap Obtains a Judgment Against Them</u>.

After Snap transferred the funds to New Expressions, New Expressions and Lynn defaulted under the Agreement. Snap filed suit in Salt Lake City, Utah under the Agreement's forum selection provision and obtained a judgment against New Expressions and Lynn on February 14, 2019 in the amount of $81,870.38. *See* Default Judgment ("Judgment"), attached as

4846-2496-7618, v. 1

1  **Exhibit C**; *see also* Exh. B, Kay Decl. at ¶ 4.  The judgment included attorney's fees and costs
2  and post-judgment interest at the statutory rate of 4.59%.  *See* Exh. C, Judgment.

3          C.      <u>After Snap Tries to Collect the Judgment, Lynn Offensively Files This Suit Under the TCPA and Nevada Deceptive Trade Practices Act</u>.
4

5          Rather than pay the judgment against her and New Expressions, Lynn instead allegedly
6  filed for bankruptcy in May 2019 and filed this lawsuit in Nevada on January 23, 2020.  *See*
7  Complaint at ¶¶ 28-41.[3]  Though the details are sparse, Lynn alleges that she received "numerous
8  calls and text messages from Snap" at her cell phone number ending in "5095" before filing the
9  lawsuit.  Complaint at ¶¶ 19, 22, and 27.  Lynn also alleges that she revoked consent for Snap to
10 call her cellular phone but that Snap continued to place debt collection calls after she allegedly
11 revoked this consent.  *See id.* at ¶¶ 22 and 29.  And so Lynn alleges that Snap, through these
12 alleged debt collection calls and text messages, violated the TCPA and Nevada's Deceptive Trade
13 Practices Act.  *See id.* at ¶¶ 42-63.  She seeks injunctive relief, statutory damages, treble damages,
14 and actual damages for these alleged acts.  *See id.* at Prayer for Relief.

15 **II.    ARGUMENT**

16      A.      <u>Legal Standard</u>.

17         The "enforcement of valid forum-selection clauses, bargained for by the parties, protects
18 their legitimate expectations and furthers vital interests of the justice system."  *Atl. Marine Const.*
19 *Co.*, 571 U.S. at 63.  A "valid forum-selection clause should be given controlling weight in all but
20 the most exceptional cases."  *Id.*  Thus, the Ninth Circuit has advised that the Court should first
21 determine whether the forum selection clause applies to a pleading before ultimately moving onto
22 whether it is enforceable.  *See Yei A. Sun v. Advanced Healthcare, Inc.*, 901 F.3d 1081, 1086-87
23 (9th Cir. 2018).

---

[3]   Lynn's Complaint does not allege whether New Expressions similarly filed for bankruptcy.  *See generally* Complaint.

   To be clear, Snap recognizes that the bankruptcy as alleged likely discharges the Judgment and any underlying debt that Lynn owed Snap.  Snap does not seek to collect such debt through this Motion or any action in this lawsuit.  Instead, Snap is defending itself from offensive claims from Lynn that arise out of or relate to the prior contractual relationship between the parties.

Forum selection clauses are controlled by contract interpretation principles, and the Court applies "federal contract law to interpret the scope of a forum-selection clause even in diversity actions." *Id.* at 1086. While a clause that uses the phrase "arising out of" may only apply to disputes requiring the interpretation of the underlying contract, a clause using "relating to" covers "any disputes that reference the agreement or have some logical or causal connection to the agreement." *Id.* A dispute with a forum selection clause implicating the "relating to" language "need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id.* Moreover, a forum selection clause is "equally applicable to contractual and tort causes of action." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

Once the Court decides that a forum selection clause applies, it must follow the guidance of *Atlantic Marine* in deciding whether it is enforceable. *See Yei A. Sun,* 901 F.3d at 1087-88. Unlike cases where there is no forum selection clause, a case involving a forum selection clause places on plaintiff the "burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 1087. The plaintiff's choice of the forum "merits no weight." *Id.* Instead, the Court must find certain factors relating to private interests as "weighing entirely in favor of the preselected forum." *Id.* at 1088. And while the Court may also consider public interest factors, "those factors will rarely defeat a transfer motion." *Id.*

As such, the "practical result is that a forum-selection clause should control except in unusual cases." *Id.* Prior guidance in *M/S Bremen v. Zapata Offshore Company* suggests those unusual cases typically involve a fraudulent contract, a strong and contrary public policy of the forum in which the suit is brought, or grave difficulty or inconvenience to the plaintiff from litigating consistent with the freely bargained forum selection. *See* 407 U.S. 1, 15, 18 (1972).

B. <u>The Agreement's Forum Selection Clause Requires Lynn to Bring Her Suit in Utah</u>.

1. The forum selection clause applies to Lynn's Complaint.

The Agreement's forum selection clause is broad and uses both the "arising out of" and "relating to" language. *See* Exh. A, Agreement at § 5.6. It covers any action, proceeding, or

litigation related to the Agreement or the subject matter thereof. *See id.* It also provides that federal and state courts in Utah are the exclusive forums for any such litigation. *See id.*

This language covers the matters alleged in Lynn's Complaint. The only relationship that Snap and Lynn had was a contractual one covering Lynn's personal guarantee of New Expressions' debt to Snap. *See generally* Exh. A, Agreement. Though the Complaint is short on details, Lynn's mention of her personal bankruptcy and her allegation that such bankruptcy revoked her prior consent to Snap contacting her is a concession that her Complaint relates to the Agreement she had with Snap. *See* Complaint at ¶¶ 27-29. Indeed, the only reason that Snap would be contacting Lynn is because of the Agreement that Lynn and New Expressions executed with Snap in 2017. *See* Exh. C, Judgment.

Thus, Lynn's causes of action under the TCPA and Nevada Deceptive Trade Practices are based on alleged debt collection calls and text messages that Snap directed at Lynn, and that debt expressly arises out of and relates to the Agreement. The freely bargained forum selection clause therefore applies to Lynn's Complaint.

2. The clause is enforceable.

As discussed in *Yei A. Sun*, the burden is on Lynn to show why the Court should not dismiss this matter and require her to comply with the Agreement's forum selection clause. *See* 901 F.3d at 1087. That is a burden Lynn cannot carry. Her choice of Nevada "merits no weight." *Id.* And because the Agreement was freely bargained between Lynn and Snap, the private interest factors weigh "entirely in favor of the preselected forum" of Utah. *Id.* at 1088. Thus, the Court is only required to consider the public interest factors. *See id.*

The public interest factors similarly do not overcome the forum selection clause, and Lynn cannot meet the "heavy burden" of showing otherwise. *M/S Bremen*, 407 U.S. at 17. Utah is adjacent to Nevada, and there are no "administrative difficulties flowing from court congestion," nor any "interest in having the trial of a diversity case in a forum that is at home with the law." *Yei A. Sun*, 901 F.3d at 1088. Indeed, the Agreement requires the application of Utah law in the choice-of-law provision, and so Utah is a more proper forum. *See* Exh. A, Agreement at § 5.6. Lynn can easily travel to Utah if needed, and this is not a "localized controversy" involving only

4846-2496-7618, v. 1

Nevada residents. *See Yei A. Sun*, 901 F.3d at 1088. Instead, Snap is a Utah limited liability company. *See generally* Complaint. Public interest factors "rarely defeat a transfer motion" in the abstract, and they do not in this case as well. *Id.*

Nor is this an unusual case that would create an exception to the forum selection clause. Lynn cannot suggest that the Agreement was the product of fraud or overreaching. *See M/S Bremen*, 407 U.S. at 15. Similarly, there is no strong public policy of Nevada against forum selection clauses. *See id.* On the contrary, Nevada routinely enforces such freely bargained clauses. *See, e.g., Tandy Computer Leasing, a Div. of Tandy Electronics, Inc. v. Terina's Pizza, Inc.*, 105 Nev. 841, 843, 784 P.2d 7, 8 (1989) (noting a forum selection clause is enforceable if "freely negotiated" and "not unreasonable and unjust"). Lynn executed the Agreement, and she initialed the page of the Agreement in which the forum selection clause appears. *See* Exh. A, Agreement at p. 6. Finally, Lynn will not be deprived of her day in court because litigating in Utah is "gravely difficult and inconvenient." *M/S Bremen*, 407 U.S. at 15. Utah is a short flight away from Las Vegas, Nevada, and this is a small case that will not require a litany of out-of-state witnesses or trips to Utah to litigate. *See generally* Complaint. Finally, if Lynn believed litigating in Utah was inconvenient, she should have negotiated away the forum selection clause. She did not. *See generally* Exh. A, Agreement.

As such, this is not an unusual case in which Lynn could carry the heavy burden of invalidating the forum selection clause. On the contrary, this is a standard case in which the plaintiff executed a written contract with a forum selection clause and has chosen not to abide by it. The clause in the Agreement calls for Utah law to control any dispute and selects Utah courts as the exclusive forum for bringing any claim arising out of or related to the Agreement or its subject matter. Because Lynn's Complaint falls squarely within that contractual language, she is bound by the forum selection clause.

### III.   CONCLUSION

Lynn and Snap executed the Agreement, which contains a Utah forum selection clause. The only relationship between the parties was a contractual one, and any allegations of phone calls or text messages in Lynn's Complaint must be related to that contractual relationship. As such,

4846-2496-7618, v. 1

Lynn's claims arise out of or relate to the Agreement and its subject matter, and the forum selection clause applies.  It is also enforceable, as the parties freely bargained for the Agreement and its forum selection clause.

And so Snap respectfully requests that the Court dismiss Lynn's Complaint under the doctrine of forum non conveniens and require her to abide by the Agreement's forum selection clause in bringing any TCPA or deceptive trade practices claims in Utah.

DATED this 7th day of July, 2020.

MCDONALD CARANO LLP

By: */s/ Rory T. Kay*
Rory T. Kay (NSBN 12416)
Jason B. Sifers (NSBN 14273)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rkay@mcdonaldcarano.com
jsifers@mcdonaldcarano.com

*Attorneys for Defendant Snap Advances, LLC*

4846-2496-7618, v. 1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 7th day of July, 2020, a true and correct copy of the foregoing **DEFENDANT SNAP ADVANCES, LLC'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ CaraMia Gerard*
An employee of McDonald Carano LLP

4846-2496-7618, v. 1